**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ONETH B. SAVERY,**

                      **Petitioner,**

         v.                                     **CASE NO. 22-3035-SAC**

**HAZEL M. PETERSON,**

                      **Respondent.**

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner has filed a motion for leave to proceed in forma pauperis (Doc. 2), which is granted. The Court has conducted an initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and will direct Petitioner to show cause why this action should not be dismissed as time-barred.

**Background**

In 2011, a jury in Johnson County, Kansas convicted Petitioner of rape, aggravated criminal sodomy, and lewd and lascivious behavior and he was sentenced to 337 months in prison. *Savery v. State*, 2020 WL 6106477, *1 (Kan. Ct. App. 2020); (Doc. 1, p. 1). Petitioner appealed his convictions and sentence, but the Kansas Court of Appeals (KCOA) affirmed in an opinion issued on January 11, 2013. *State v. Savery*, 2013 WL 192555, *1, 10 (Kan. Ct. App. 2013). The Kansas Supreme Court (KSC) denied Petitioner's petition for review on October 1, 2013.

On September 16, 2014, Petitioner filed in Johnson County

District Court a motion for relief under K.S.A. 60-1507. *Savery v. State*, 2017 WL 3001031, *1 (Kan. Ct. App. 2017). The district court denied the motion and Petitioner appealed. *Id.* In an opinion dated July 14, 2017, the KCOA affirmed the denial, and the KSC denied Petitioner's petition for review on March 9, 2018.

In March 2019, Petitioner filed a second K.S.A. 60-1507 motion in state district court, which was summarily denied. *Savery*, 2020 WL 6106477, at *1. He appealed, but the KCOA affirmed the denial and, on August 10, 2021, the KSC denied Petitioner's petition for review. *Id.; see also* Kansas Appellate Courts online records for Case No. 122,083. Petitioner filed his federal habeas petition on February 19, 2022. (Doc. 1.)

**Timeliness**

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitation period generally runs from the day after direct review concludes and the judgment becomes "final." *See Harris v. Dinwiddie*, 642 F.3d 902-07 n.6 (10th Cir. 2011); *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). The United States Supreme Court has held that direct review concludes when an individual has exhausted his or her opportunity for direct appeal to the state courts and his or her opportunity to request review by the United States Supreme Court. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The Rules of the United States Supreme Court allow ninety days from the date of the conclusion of direct appeal in state courts for an individual to file in the United States Supreme Court a petition for writ of certiorari, which is a request for review by the United States Supreme Court. Sup. Ct. R. 13(1). "[I]f a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [his or her] direct appeal, the one-year limitation period begins to run when the time for filing certiorari petition expires." *United States v. Hurst*, 322 F.3d 1259 (10th Cir. 2003).

In this case, Petitioner's state-court direct appeal concluded on October 1, 2013, when the KSC denied his petition for review. At that point, Petitioner had 90 days to file in the United States Supreme Court a petition for writ of certiorari, but he did not do so. (Doc. 1, p. 4.) Accordingly, on approximately January 2, 2014, the day after the 90 days expired, the one-year period in which

Petitioner could timely file a federal habeas petition began.

The time period ran until September 16, 2014, when Petitioner filed his first K.S.A. 60-1507 motion. The federal statute that controls the deadline for federal habeas petitions contains a tolling provision:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Under this provision, when Petitioner filed his first K.S.A. 60-1507 motion, the one-year federal habeas limitation period paused. At that point, approximately 257 of the year had run, leaving 108 days remaining. The state-court proceedings on the K.S.A. 60-1507 motion concluded on March 29, 2018, when the KSC denied the petition for review, and the one-year federal habeas limitation period resumed. *See Edwards v. Roberts*, 479 Fed. Appx. 822, 826 (10th Cir. 2012). It expired approximately 108 days later, on July 15, 2018. But Petitioner did not file his habeas petition until February 19, 2022.[1]

Thus, unless Petitioner can show that he is entitled to equitable tolling or that he qualifies for the actual innocence exception to the one-year federal habeas time limitation, this action is time-barred and must be dismissed.

Equitable tolling applies to the one-year federal habeas

---

[1] Because Petitioner did not file his second K.S.A. 60-1507 motion until March 2019, after the one-year federal habeas statute of limitations had expired, it does not affect the analysis of whether the current habeas petition is timely filed.

deadline only "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). It is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond [her] control." *Marsh v. Soares*, 223 F.3d 127, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, for example, "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 23 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (citation omitted).

In addition, actual innocence can create an exception to the one-year time limitation. To qualify for the actual innocence exception, a prisoner need not establish factual innocence. Rather, he or she "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The prisoner must come forward with and identify "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

As explained above, the petition currently before the Court was not filed on time and is subject to dismissal unless Petitioner

can demonstrate grounds for equitable tolling or establish that the actual innocence exception to the time limitation applies. Therefore, the Court will direct Petitioner to show cause why his petition should not be dismissed as time-barred. If Petitioner successfully does so, the Court will further review the petition.

**IT IS THEREFORE ORDERED** that Petitioner is granted until and including March 28, 2022, in which to show cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this matter should not be dismissed due to his failure to commence it within the one-year time limitation.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 2) is **granted.**

**IT IS SO ORDERED.**

DATED:  This 25th day of February, 2022, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge