IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ONETH B. SAVERY,

                    Petitioner,

          v.                          CASE NO. 22-3035-SAC

HAZEL M. PETERSON,

                    Respondent.


MEMORANDUM AND ORDER


    This matter is a petition for writ of habeas corpus filed
pursuant to 28 U.S.C. § 2254. It comes before the Court on
Petitioner's response (Doc. 4) to this Court's order to show cause
(Doc. 3) directing Petitioner to why this matter should not be
dismissed as untimely. The Court has carefully reviewed
Petitioner's response and, for the reasons set forth below,
concludes that this matter must be dismissed as untimely.

**Background**

    In 2011, a jury in Johnson County, Kansas convicted Petitioner
of rape, aggravated criminal sodomy, and lewd and lascivious
behavior and he was sentenced to 337 months in prison. *Savery v.
State*, 2020 WL 6106477, *1 (Kan. Ct. App. 2020); (Doc. 1, p. 1).
Petitioner appealed his convictions and sentence, but the Kansas
Court of Appeals (KCOA) affirmed in an opinion issued on January
11, 2013. *State v. Savery*, 2013 WL 192555, *1, 10 (Kan. Ct. App.
2013). The Kansas Supreme Court (KSC) denied Petitioner's petition
for review on October 1, 2013.

    On September 16, 2014, Petitioner filed in Johnson County

District Court a motion for relief under K.S.A. 60-1507. *Savery v. State*, 2017 WL 3001031, *1 (Kan. Ct. App. 2017). The district court denied the motion and Petitioner appealed. *Id.* In an opinion dated July 14, 2017, the KCOA affirmed the denial, and the KSC denied Petitioner's petition for review on March 9, 2018.

In March 2019, Petitioner filed a second K.S.A. 60-1507 motion in state district court, which was summarily denied. *Savery*, 2020 WL 6106477, at *1. He appealed, but the KCOA affirmed the denial and, on August 10, 2021, the KSC denied Petitioner's petition for review. *Id.; see also* Kansas Appellate Courts online records for Case No. 122,083. Petitioner filed his federal habeas petition on February 19, 2022. (Doc. 1.)

The Court conducted an initial review and, on February 25, 2022, issued a Memorandum and Order (M&O) noting certain deficiencies. (Doc. 3.) In part, the Court explained the timing requirements for filing a § 2254 petition and concluded that this petition was untimely. *Id.* at 2-4. Therefore, after explaining the legal standards for equitable tolling and the actual innocence exception to the statute of limitations, the Court allowed Petitioner the opportunity to file an amended petition that demonstrates grounds for equitable tolling of the statute of limitations or shows entitlement to the actual innocence exception to the statute of limitations. *Id.* at 4-6. Petitioner filed his response on March 11, 2022. (Doc. 4.)

**Timeliness**

The statute of limitations for 28 U.S.C. § 2254 petitions was explained in detail in the Court's previous order, which concluded that this matter was not timely filed. Petitioner's response does

not dispute the relevant dates and the Court finds no reason to revisit its prior conclusion that this petition was untimely filed. Thus, the question now before the Court is whether Petitioner has asserted circumstances that warrant equitable tolling or that entitle him to the actual innocence exception to the federal habeas statute of limitations.

In his response, Petitioner does not assert that he is entitled to the actual innocence exception. Although he states that he "is actually innocent," he does not identify any "new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial," as the Court's prior order explained is required for the actual innocence exception to apply. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). Nor does he "establish that, in light of [this] new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327). Thus, the Court concludes that the actual innocence exception is inapplicable.

Liberally construing the response, as is appropriate since Petitioner is proceeding pro se, Petitioner makes an argument for equitable tolling. Specifically, he contends that the delay in filing this matter resulted from the state district court's "deliberate and willful conduct to hinder and delay" the filing. (Doc. 4, p. 1.) Petitioner provides a detailed chronology of his conviction, direct appeal, and K.S.A. 60-1507 proceedings. He points out a delay in the appointment of appellate counsel in his first 60-1507 and that counsel's delay in taking action in that

appeal. *Id.* at 2. He also details issues with that counsel, including Petitioner's unsuccessful attempts to obtain a remand to state district court to raise the issue of ineffective assistance of direct-appeal counsel. *Id.* at 3. Petitioner then explains the procedural history of his second 60-1507 proceeding. *Id.* at 3-4.

Equitable tolling applies to the one-year federal habeas deadline only "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). It is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond [her] control." *Marsh v. Soares*, 223 F.3d 127, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, for example, "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 23 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (citation omitted).

In his response, Petitioner asserts that he has been diligent in his attempt to timely file this federal habeas matter and that any delay was caused by the state and should not be held against him. Although Petitioner has thoroughly detailed the reasons for the length of the state-court proceedings, the federal habeas limitation period was tolled—or paused—during Petitioner's direct appeal and the proceedings on his 60-1507 motion.

As explained in the Court's prior order, the time during which the federal habeas limitation period ran was (1) between January 2, 2014, when his time to petition the United States Supreme Court for review of his direct appeal had expired, and September 16, 2014, when he filed his first 60-1507 motion, and (2) between March 19, 2018, when his first 60-1507 proceeding concluded, and July 15, 2018, when the federal habeas limitation period expired. (See Doc. 3, p. 3-4). But Petitioner does not identify any action he took during that time to diligently pursue federal habeas relief, nor does he identify any circumstance beyond his control that prevented him from timely filing this matter. Accordingly, the Court concludes that Petitioner has not shown that he is entitled to equitable tolling of the one-year federal habeas limitation period and this matter must be dismissed as untimely.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional rights. 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling

in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is dismissed as untimely filed. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 14th day of March, 2022, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge