**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ONETH B. SAVERY,**

                **Petitioner,**

     **v.**                                          **CASE NO. 22-3035-SAC**

**HAZEL M. PETERSON,**

                **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 which was dismissed on March 14, 2022. (Doc. 5.) It comes before the Court Petitioner's "application for certificate of appealability," filed in this Court on April 7, 2022, the same day Petitioner filed his notice of appeal. (Doc. 7.) For the reasons explained below, the Court will construe this as a motion to reconsider its initial denial of a COA and will deny the motion.

In 2011, a state-court jury convicted Petitioner of rape, aggravated criminal sodomy, and lewd and lascivious behavior and he was sentenced to 337 months in prison. *Savery v.* State, 2020 WL 6106477, *1 (Kan. Ct. App. 2020) (unpublished opinion). The Kansas Court of Appeals (KCOA) affirmed his convictions and sentence in January 2013 and the Kansas Supreme Court (KSC) denied the petition for review on October 1, 2013.

On September 16, 2014, Petitioner filed a motion in state court for habeas relief under K.S.A. 60-1507. *Savery v. State*, 2017 WL 30001031, *1 (Kan. Ct. App. 2017). The district court denied the

motion. The KCOA affirmed the denial in July 2017 and the KSC denied review in March 2018. Petitioner filed a second K.S.A. 60-1507 motion in March 2019, which was also denied. The KCOA affirmed the denial and the KSC denied review. *See Savery*, 2020 WL 6106477.

Petitioner filed his federal habeas petition in this matter on February 19, 2022. (Doc. 1.) The Court reviewed the petition and concluded that it was untimely filed, so it issued a Memorandum and Order directing Petitioner to show cause why the matter should not be dismissed as time-barred. (Doc. 3.) Petitioner filed a response, which the Court considered, but ultimately the Court remained convinced that dismissal was required because the petition was not timely filed. (Doc. 5.) In the order dismissing this matter, the Court acknowledged the requirement in Rule 11 of the Rules Governing Section 2254 Cases that it issue or deny a COA upon entering a final adverse order in this matter. Because the Court concluded that its procedural ruling regarding timeliness was not subject to debate among jurists of reason, the Court declined to issue a COA. On April 7, 2022, Petitioner filed a notice of appeal and an application for COA. (Docs. 7, 8.)

The Court will construe the request for a COA as a motion to reconsider its initial decision not to issue a COA. Local Rule 7.3 provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or (60)." D. Kan. Rule 7.3(a). Rule 59 motions to alter or amend a judgment must be filed within 28 days after the entry of judgment, while Rule 60 motions for relief from a judgment have a more lenient timeline. *See* Fed. R. Civ. P. 59(e), 60(c).

The Court may grant a motion to amend judgment under Rule 59(e)

only if the moving party establishes: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 294 F.3d 1005, 1012 (10th Cir. 2000). Under Rule 60(b), the Court may order relief from a final judgment, but only in exceptional circumstances. See *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). A Rule 60(b) motion is "not the opportunity for the court to revisit the issues already addressed in the underlying order or to consider arguments and facts that were available for presentation in the underlying proceedings." *Nutter v. Wefald*, 885 F. Supp. 1445, 1450 (D. Kan. 1995).

Petitioner has not met the standard for reconsideration under either Rule 59 or 60. In his motion, he asserts that his trial and appellate counsel were ineffective and that the Court failed to "correctly consider the facts claimed by the petitioner in his habeas petition . . . that showed the failure to meet the one-year requirement . . . was due to the State District Court." (Doc. 7, p. 1.) This is merely a request that the Court revisit issues already addressed in the underlying order. Petitioner has not presented previously unavailable evidence, identified an intervening change in the controlling law, or established that this Court must issue a COA to correct clear error or prevent manifest injustice.

Thus, whether the Court considers Petitioner's most recent filing under Rule 59 or Rule 60, it is unsuccessful. The Court maintains its earlier conclusion that reasonable jurists would not debate its procedural ruling that this matter was untimely filed

and therefore no COA should issue.

**IT IS THEREFORE ORDERED** that the Application for Certificate of Appealability (Doc. 7) is **denied**. Copies of this order shall be transmitted to Petitioner and to the Clerk of the U.S. Court of Appeals for the Tenth Circuit.

**IT IS SO ORDERED.**

DATED:  This 11th day of April, 2022, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge